the estate, whether consisting of real personal, or mixed property, vests in the trustees, subject only to the right of the beneficiaries to enforce the trust, and the executors and trustees have a perfect right to carry out the contract of the testator, and to accept the price agreed upon, constituting this a part of the trust fund. Neither the widow nor the heirs at law have any interest in this real estate, as such, with the exception, of course, of the widow's dower, and as to this the defendants allege in their answer that they are prepared to give a full title, which could be done, of course, with the consent of the widow. Indeed, with the exception noted, they have no interest in the property during the lifetime of the widow. It is vested in the trustees, subject to the right of the beneficiaries to have the trust enforced. Having no legal interest in the property, they could not be necessary parties in an action for specific performance, and the order appealed from is therefore right and proper.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.

---

. NATIONAL EXCH. BANK OF CLAYTON v. NIMS et al.

(Supreme Court, Appellate Division, Fourth Department. March 3, 1909.)

FRAUDULENT CONVEYANCES (§ 104*)—HUSBAND AND WIFE.

    A husband who was indebted to plaintiff owned a life estate in premises, his wife owning the remainder. The wife contracted to sell the premises, paid her husband a substantial price for his interest, and both executed the deed. There was no proof that the wife practiced any fraud in contracting her husband's debts; in acquiring, holding, or selling the premises; in her transactions with her husband, or in acquiring his interest; or that she had any knowledge of his indebtedness, or that the price paid for his interest was inadequate. *Held*, that there remained in the husband no interest in the premises available either to him or to his creditors.

    [Ed. Note.—For other cases, see Fraudulent Conveyances, Dec. Dig. § · 104.*]

Appeal from Special Term, Jefferson County.

Action by the National Exchange Bank of Clayton, N. Y., against Livingstone A. Nims and another, impleaded. From a judgment dismissing the complaint, plaintiff appeals. Affirmed. ·

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

L. H. Ford, for appellant. · ·

G. E, Morse, for respondents. .

ROBSON, J. This case presents this state of facts: In the spring. of 1907 defendant Livingstone A. Nims was the owner of a life estate in a parcel of real estate in Jefferson county. His wife, the defend-. ant Edith Nims, owned the remainder in the premises. In April of. that year she, through her agent, Heyl, made an oral contract with defendant Walton to sell these premises to the latter. This agreement·

was thereupon reduced to writing and signed by Heyl for Mrs. Nims; he being fully authorized in writing to make and sign the contract as agent. Heyl was not the husband's agent; and the latter was not a party to either the oral or written contract. Walton did not sign the contract, but went into possession of the premises at once, at that time paying the first installment of the purchase price. The contract price was $900, payable in installments, and included payment of a $200 mortgage then a lien on the property, all of which have been met by Walton, except the last installment of $400, payment of which has been held up by this action and the proceedings upon which it is based.

The defendants Nims were nonresidents of this state. Heyl, the agent, after making the contract of sale, at once prepared a deed of the premises to Walton which he forwarded to Mrs. Nims for execution by herself and husband. Before the husband would sign the deed, he insisted on receiving as a consideration for his interest in the premises $150, which was the amount he had contributed towards the purchase price of the premises, which amount seems to have been the consideration in return for which his wife had previously conveyed to him the life estate he had therein. Mrs. Nims paid him the $150, and they both then executed the deed. After its execution, she received it, and at once sent it on to Heyl, with instructions that he should hold the deed and deliver it to Walton, the purchaser, when the payment of the purchase price was completed. At the time of these transactions and for some time prior thereto Livingstone A. Nims was indebted to plaintiff. After the contract had been made, the deed executed, and placed in the hands of Heyl under the circumstances detailed above, action was begun by plaintiff on its claims against Nims. An attachment was obtained and levy thereunder attempted to be made upon the life estate of Nims, and also upon any claim for unpaid purchase price of his interest in the premises, which he might have against Walton, the purchaser. Judgment was rendered in favor of the plaintiff in this action and an execution issued thereon. There was no personal service of the papers in the action on Nims. The execution has not been returned, and this action is brought to obtain equitable relief in aid of the execution, as appellant claims, and in aid of the attachment as respondents insist. Whether this action is properly brought in the name of the plaintiff or not it does not seem material to determine.

There is no allegation in the complaint and no proof in the case that any fraud or collusion on the part of Mrs. Nims was practiced in contracting her husband's debts, nor in acquiring, holding, or selling the real estate in question, nor in her transactions with her husband in procuring the conveyance of his interest by the deed in question, nor in paying him for his interest therein; nor does it appear that she at the time had any knowledge of the said indebtedness of her husband, the actual or threatened commencement of said action, or the issuing of said attachment, nor, except possibly by inference, that the price she paid her husband for the transfer of his interest by the deed was inadequate. The court has found as facts in her favor upon all these points, except as to inadequacy of consideration on which subject the findings are silent. It necessarily appears, there-

fore, that she in good faith, having made a valid contract to sell this real estate, procured of her husband the transfer to Walton by deed, in which she joined, of her husband's interest in the property, for which transfer she paid her husband a substantial purchase price; that, when the deed was executed, she took it in her possession, and forwarded it to her agent, to be used in completion of her part of the contract of sale. Whether her delivery of the deed to her agent was under the circumstances a delivery in escrow, as to her, is not important. Certainly, as to her husband, when the deed executed by him came into her possession, and she had paid the agreed consideration for his interest in the premises and his conveyance thereof to the purchaser, to whom she was then obligated to give complete title, there remained to him no interest in the premises available either to him or his creditors.

It would seem that, when she completes her contract with Walton and the deed of the premises is delivered to him, so far as the transfer to Walton of her husband's interest in the premises is concerned, the title thereto would necessarily relate back to the time his deed was given.

Judgment affirmed, with costs. All concur.